IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No.  18-CR-00209-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

OMAR OBESO-GASTELUM,

    Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

This matter is before the court for detention hearing on May 14, 2018.  The court has taken judicial notice of the court's file and the pretrial services report.  In addition, the court has considered the testimony and credibility of DEA Strike Force Officer Tony Collett.  Moreover, the court has considered the proffers by the defendant and the government.

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.  The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the Defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)     [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)     the weight of the evidence against the person;

(3)     the history and characteristics of the person, including –

(A)     the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B)     whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)     the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case.  In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report

and the entire court file. In addition, the court has considered the testimony and credibility of DEA Strike Force Officer Tony Collett. Lastly, I have considered the proffers submitted by the government and defense counsel and the arguments of counsel.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment as follows:

Count 1:  - 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), 941 (b)(1)(A)(viii), 841(b)(1)(B)(viii), 841(b)(1)(C)& 846;

Counts 2 - 11, 19, & 26 - 21 U.S.C. § 841(a)(1), 841(b)(1)(B)(viii) and 18 U.S.C. § 2;
Counts 3, 6, 7, 8, 9, 12, 13, 20, & 25 - 21 U.S.C. § 843(b) and 843(d);

Count 5 - 21 U.S.C. § 841(a)(1) and 841(b)(1)(C)and 18 U.S.C. § 2;

Count 14 - 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(viii).

Second, I find that the rebuttable presumption of detention applies in this case pursuant to 18 U.S.C. § 3142(e)(3) and (f) based upon the charges brought in the Indictment.

Third, I find that probable cause exists that defendant committed the crimes charged in the Indictment.

Fourth, I find that defendant was born in Mexico and is a citizen of Mexico. Defendant's parents and siblings reside in Mexico.  Defendant entered the United States in January 1999 and is a permanent resident in the United States.  Defendant is employed by Mortenson Construction Company for the past three years. Defendant has used cocaine in the past and also uses alcohol.  Defendant has used eight alias names, one alias date of birth, and one alias social security number in the past.  Defendant has suffered two prior failures to appear in the past.  Defendant has suffered a some traffic convictions and has had his probation revoked on one occasion.  Further, the weight of

the evidence is substantial against the defendant and the evidence further shows that weapons [i.e. hand guns] were attempted to be purchased by the defendant.  Moreover, the volume of methamphetamine involved is approximately 141 pounds in both cases 18-CR-00192-RM and 18-CR.00209-CMA where defendant is charged.  Defendant has failed to rebut the rebuttable presumption of detention.

In light of these facts, I find, by clear and convincing evidence, that defendant is a flight risk and a danger to the community and that there is no condition or combination of conditions of release that will reasonably assure his presence in court and the safety of the community.  Accordingly, I order that the defendant be detained without bond.

Done this 14th day of May 2018.


BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge